1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT JOHNSON,                              No.  2:12-cv-0951 JAM CKD

12                  Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14   ADRIEL LEDDY,

15                  Defendant.

16

17          Presently before the court is plaintiff's motion for default judgment.  This matter was

18   submitted without oral argument.  The undersigned has fully considered the briefs and record in

19   this case and, for the reasons stated below, will recommend that plaintiff's motion for default

20   judgment be granted.

21          Plaintiff is a permanently disabled wheelchair user.  Defendant Leddy operates the "Tatt

22   Magic Tattoo Studio" located at 746 N. Texas Street in Fairfield, California.  Defendants Richard

23   and Donald Houghton own the property on which the establishment is situated.  The complaint

24   alleges that plaintiff visited the subject establishment two times and encountered architectural

25   barriers which denied him full and equal access.

26          The record reflects that defendants were properly served and default was entered on July

27   23, 2012.  ECF Nos. 5, 6, 7, 9.  Plaintiff thereafter filed a motion for default judgment with a

28   proof of service reflecting service of the motion on defendants.  Plaintiff seeks an entry of default

1

1   judgment in the amount of $8,000 pursuant to California Civil Code section 52(a)[1] as well as

2   injunctive relief.[2]

3   　　　　Entry of default effects an admission of all well-pleaded allegations of the complaint by

4   the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court

5   finds the well pleaded allegations of the complaint state a claim for which relief can be granted.

6   Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and

7   authorities and affidavits filed in support of the motion for entry of default judgment also support

8   the finding that plaintiff is entitled to the relief in the form of statutory damages and injunctive

9   relief requested in the prayer for default judgment, which does not differ in kind from the relief

10  requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419

11  U.S. 832 (1974).  Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed

12  visit.  See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir.2004); see also Feezor v.

13  DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005).[3]  With respect to plaintiff's claim for

14  injunctive relief, the court finds that defendant has failed to provide a van accessible disabled

15  parking space, as required by 28 Code of Federal Regulations, Part 36, Appendix D, ("ADAAG")

16  4.6.  There are no policy considerations which preclude the entry of default judgment of the type

17  requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be

18  considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive

19  claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute

20  concerning material facts; whether the default was due to excusable neglect, and strong policy

21  underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

22  /////

23  

24  [1] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount
    of $4,000 per violation.  Cal. Civ. Code § 52(a).

25  

26  [2] Plaintiff seeks injunctive relief requiring defendants to remove identified architectural barriers
    only to the extent such alterations are readily achievable.

27  [3] The complaint alleges two actual visits, identifying the date of one visit.  Plaintiff's declaration
    identifies three additional dates on which visits were made to the subject establishment.  Plaintiff

28  seeks statutory damages only for two actual visits.

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Plaintiff's motion for default judgment (ECF No. 12) against defendants be granted;

3    2.  Plaintiff be awarded statutory damages in the amount of $8,000.00.

4    3.  Plaintiff be granted an injunction requiring defendants to provide a readily achievable

5    property alteration to the property located at 746 N. Texas Street in Fairfield, California that

6    consists of the following, all in accordance with the Americans With Disabilities Act of 1990

7    (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG) contained in

8    28 Code of Federal Regulations Part 36, Appendix D:  a van accessible disabled parking space

9    (ADAAG 4.6).

10    4.  The Clerk of Court be directed to close this case.

11    These findings and recommendations are submitted to the United States District Judge

12    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13    after being served with these findings and recommendations, any party may file written

14    objections with the court and serve a copy on all parties.  Such a document should be captioned

15    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

16    within the specified time may waive the right to appeal the District Court's order.  Martinez v.

17    Ylst, 951 F.2d 1153 (9th Cir. 1991).

18    Dated:  August 16, 2013

19    _____

20    CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

21

22

23    4 .johnson-leddy.def

24

25

26

27

28

3